IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY E. BROWN,

        **Plaintiff,**

vs.

        CASE NO. 2:08 CV 247
        JUDGE FROST
        MAGISTRATE JUDGE KEMP

COLUMBUS BOARD OF EDUCATION,
et al.,

        **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 5), Plaintiff's Memorandum in Opposition (Doc. # 9), and Defendants' Reply (Doc. # 12). For the reasons that follow, the Court **DENIES** Defendants' Motion to Dismiss.

**I. Background**

Plaintiff Jeffrey E. Brown was employed by the Columbus Board of Education and was supervised by Defendant Paul W. Brown, the appointed supervisor for the Media Technologies Department of Columbus Public Schools. Complaint at 2, ¶¶ 3-5. On September 24, 2005, Plaintiff was on vacation in Washington D.C. and was arrested and charged with disorderly conduct and simple assault after an altercation with Metro Police while boarding a Metro Train. *Id.* at 3, ¶¶ 8-9.

The arrest caused Plaintiff to be two days late in returning to work and in preparation for his absence, Plaintiff left a message on Supervisor Brown's voicemail indicating that he would

1

be out sick for those two days. *Id.* ¶ 10. In November 2005, after Plaintiff's arrest but before his conviction, Plaintiff was given a PA33-Notice of Hearing letter dated November 14, 2005 through the school mail. The charges specified for the hearing were: *Misfeasance, Malfeasance Specification: In that Jeffrey Brown was arrested for public disturbance and accosting a police officer. Id.* at 4, ¶ 12. As a result of the hearing, Plaintiff was informed that he had used his sick time inappropriately and was forced to re-file his absence form using personal time. *Id,* ¶ 13. At this point Plaintiff thought that the disciplinary process regarding his arrest in Washington D.C. was over. *Id.*

In early February Plaintiff was served with another notice for a second hearing: *Insubordination, Neglect of Duty, Misfeasance and/or Nonfeasance. Id*. at 5, ¶ 18. The charges of "*Public disturbance and accosting a Police Officer*" were not mentioned. *Id.* The hearing took place on February 23, 2006. *Id.* ¶ 20. During the hearing, Defendant Dewayne Howard, director of labor relations, informed Plaintiff that he was compelled to terminate Plaintiff's employment immediately pursuant to Ohio Rev. Code § 3319.39 and because of his prior arrest. *Id*. However, Defendant Howard stated that he would allow Plaintiff to take "two or three days" and then submit his resignation that would become effective in two weeks. *Id*. at 6, ¶ 23. On February 24, 2006 Plaintiff prepared and filed his resignation with an organization representative. *Id*. at 7, ¶ 26.

On March 9, 2006 Plaintiff submitted a letter withdrawing his resignation one day before it became effective. *Id*. ¶ 27. In response to Plaintiff's letter, Defendant Howard denied the request to withdrawal Plaintiff's resignation, indicating that because of the assault charge filed against him, Plaintiff would have been terminated based on the outcome of the hearing. *Id*. At

this time, Plaintiff was informed that Ohio Rev. Code § 3319.39 justified his termination and compelled his resignation. *Id*. at 8, ¶ 30. Plaintiff claimed in the withdrawal letter that nothing in this section of law applied to him and he should not have been subject to termination pursuant to it. *Id.* ¶ 31.

Plaintiff asserts that he has exhausted his administrative appeals. *Id.* at 10, ¶ 48. On February 8, 2008 Plaintiff filed a six count complaint against Defendants Columbus Public Schools Board of Education, Columbus Public Schools, Paul Brown, and DeWayne Howard in the Franklin County Common Pleas Court. Count 4 of Plaintiff's Complaint is entitled "Negligent Performance of the Employment Contract." *Id*. at 12-13, ¶¶ 60-62. On March 19, 2008 Defendants responded to Plaintiff's Complaint by filing a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure claiming that Count 4 does not contain a claim upon which this Court can grant relief. *Id*.

## II. Standard of Review

### A. 12(b)(6) Motion to Dismiss

Under the United States Supreme Court's recent articulation of Rule 12(b)(6), this Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in the complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007). The claims must be plausible and not merely conceivable. *Bell Atlantic Corp*., 127 S. Ct. at 1974; *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007).

3

**B.**     *Pro Se* **Litigants**

In this case, Plaintiff is proceeding without the assistance of counsel.  A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements.  *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial."  *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).  "Indeed, courts should not assume the role of advocate for the *pro se* litigant."  *Id.* (citing *Hall*, 935 F.2d at 1110).

It is with these standards in mind that the instant motion will be decided.

### III. Analysis

As the basis for Count 4, Plaintiff alleges that his employment with Columbus Public Schools was formed under a valid and legally enforceable contract. (Doc. # 9, at 2.)  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants' aver that Count 4 of Plaintiff's Complaint entitled "Negligent Performance of the Employment Contract" should be dismissed, as it is not a claim recognized under Ohio law. (Doc. #5, at 1.)  Citing *Ketcham v. Miller*, it is Defendants' contention that it is not a tort to breach a contract under Ohio law.  104 Ohio St. 372, 377-379, 136 N.E.2d 145 (Ohio 1922).  While this contention is correct, under the

4

liberal pleadings standard governed by Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff has sufficiently pleaded a breach of contract claim upon which relief may be granted.

This Court recognizes the distinction between claims for breach of contract and actions arising under tort law. Where the duty allegedly breached by the defendant is one that is imposed by law, whether or not it arises out of a contract, the cause of action is not based on contract, but rather on tort. *Wolfe v. Continental Casualty Co.*, 647 F.2d 705, 710 (6th cir. 1981) (citing *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117 (6th Cir. 1976). By contrast, where the duty allegedly breached is one that arises out of a contract, independent of any duty imposed by law, the cause of action is one of contract. *Id.*

Under Ohio law, accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done. *Mead Corp. v. ABB Power Generation, Inc.,* 319 F.3d 790, 795 (6th cir. 2003) (citing *Hunsicker v. Bukeye Union Cas. Co.*, 95 Ohio App. 241, 118 N.E.2d 922, 924 (1953)); *Battelle Mem'l Inst. v. Nowsco Pipeline Serv., Inc.,* 56 F. Supp. 2d 944, 953 (N.D. Ohio, Feb, 13, 2001); *Sautter v. Orkin Exterminating Co.*, No. 3:00CV-7338, 2001 U.S. Dist. LEXIS 3119, at *16 (N.D. Ohio 2001). *Mead* has been interpreted as pertaining solely to the performance of the terms of a contract. *Pavlovich v. Nat'l City Bank*, 342 F. Supp. 2d 718, 733 (6th cir. 2004). In other words, the duty of care is not independent of the contract and its extent and scope are governed by the terms of the relevant document. *Id.* Thus, if a defendant negligently failed to perform its contracted services with due care and skill, as Plaintiff in this action asserts, it is a breach of contract. *Sautter* at *16.

Additionally, Defendants' contend that Count 4 should be dismissed because Plaintiff did not specifically assert in his Complaint that he was working under a contract.  In responding to Defendants' Motion to Dismiss, Plaintiff expressed his wish to assert that he "was working under an enforceable contract."  (Doc. # 9, at 2.)  Defendants' argue that Plaintiff cannot amend his complaint via a memorandum in opposition to defendant's 12(b)(6) motion to dismiss.  Defendants' argument is not well taken.

Plaintiff specifically addressed an employment contract within Count 4 of his Complaint and mentioned the existence of a bargaining agreement between the parties throughout the Complaint.  (Doc. #3, ¶¶ 2, 52, 71.)  Thus, Plaintiff is not attempting to amend his complaint in any way.  Accordingly, the Court concludes that Plaintiff has set forth a plausible breach of contract claim.

## IV. Conclusion

Based on the forgoing, the Court **DENIES** Defendants' Motion to Dismiss (Doc. # 5).

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**